IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| JOSEPH FIDELIE | : | VIOLATION:<br>42 U.S.C. § 1320a-7b(b)(2)(A) (paying kickbacks in connection with a Federal health care program - 1 count) |
| | : | |
| | : | Notice of forfeiture |

## INFORMATION

### COUNT ONE

THE UNITED STATES ATTORNEY CHARGES THAT:

At all times relevant to this information:

1. Tricare was a federally funded health care program of the United States Department of Defense ("DoD") Military Health System that provided coverage for DoD beneficiaries worldwide, including active duty service members, National Guard and Reserve members, retirees, their families and survivors. Individuals who received health care benefits through Tricare are referred to as Tricare beneficiaries. The Defense Health Agency ("DHA"), an agency of the DoD, was the military entity responsible for overseeing and administering the Tricare program.

2. Tricare was a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f) and as that term is used in Title 42, United States Code, Section 1320a-7b(b).

1

3. Tricare provided coverage for certain prescription drugs, including certain compounded drugs, which were medically necessary and prescribed by a licensed physician. Express Scripts, Inc. ("Express Scripts") in St. Louis, Missouri, administered Tricare's prescription drug benefits.

4. Tricare beneficiaries could fill their prescriptions through military pharmacies, Tricare's home delivery program, network pharmacies, and non-network pharmacies. If a Tricare beneficiary chose a network pharmacy, the pharmacy would collect any applicable co-pay from the beneficiary, dispense the drug to the beneficiary, and submit a claim for reimbursement to Express Scripts. Express Scripts would then adjudicate the claim and reimburse the pharmacy on behalf of Tricare.

5. "Compounding" was a practice in which a licensed pharmacist, or a licensed physician, combined, mixed, or altered ingredients of a drug or multiple drugs to create a medication tailored to the needs of an individual patient. "Compounding pharmacies" were pharmacies that specialized in creating compounded medications.

6. Generally, compounded drugs may be prescribed by a physician when an FDA-approved drug does not meet the health needs of a particular patient. Compounded medications benefit patients who, among other things, need specific dosage strengths, are limited to a particular route of administration, or need ingredients excluded from medications due to allergies or other sensitivities.

7. From in or about May 2013 through in or about May 2015, a compounding pharmacy located in the Eastern District of Pennsylvania, known to the United States Attorney (the "Compounding Pharmacy"), submitted claims for reimbursement to Tricare for compounded

medications, including pain creams, scar creams, and wellness capsules. The Compounding Pharmacy was a network pharmacy with Tricare.

8. Person #1, whose identity is known to the United States Attorney, was a physician assistant licensed in the state of Oklahoma. Person #1 worked in an orthopedic practice in Oklahoma, which treated a variety of orthopedic conditions (the "Practice"). Person #1 periodically prescribed medication to patients of the Practice for, among other things, pain management.

9. Defendant JOSEPH FIDELIE was a medical assistant in the Practice from in or about 2011 until in or about 2016. Defendant FIDELIE also began marketing compounded medications for the Compounding Pharmacy in or about 2013 and continued until in or about 2016.

10. Beginning in or about 2013 and continuing until in or about 2016, defendant JOSEPH FIDELIE offered to pay and paid kickbacks and bribes to Person #1 to induce him to prescribe compounded medications to Tricare beneficiaries through the Compounding Pharmacy.

11. Person #1 prescribed compounded medications, including pain and scar creams, to Tricare beneficiaries through the Compounding Pharmacy. Tricare paid approximately $592,449 in claims to the Compounding Pharmacy for these prescriptions.

12. Defendant JOSEPH FIDELIE received approximately $83,266 in commission from the Compounding Pharmacy for the claims paid by Tricare for the prescriptions ordered by Person #1.

13. Defendant JOSEPH FIDELIE paid various kickbacks to Person #1 in return for prescribing the compounded medications through the Compounding Pharmacy.

14. In or about May, 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOSEPH FIDELIE**

knowingly and willfully offered and paid remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, that is, a payment of approximately $1,000 to Person #1, to induce Person #1 to refer individuals to the Compounding Pharmacy for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part under Tricare, a Federal health care program.

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) set forth in this information, a Federal health care offense as defined by Title 18, United States Code, Section 24(a), defendant

**JOSEPH FIDELIE**

shall forfeit to the United States of America any property constituting or derived, directly or indirectly, from gross proceeds traceable to the commission of such offense, including but not limited to the sum of approximately $33,447.

2. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred to, sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of this Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to, Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(7).

_for_ **WILLIAM M. McSWAIN**
**UNITED STATES ATTORNEY**